**FEDEX CORPORATE SERVICES, INC., Plaintiff,**

v.

**ECLIPSE IP LLC, Defendant.**

**Civil Action No. 1:13–CV–0275–AT.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed May 23, 2013.

---

Jason Webley Melvin, Finnegan Henderson Farabow Garrett & Dunner, Washington, DC, Jeffrey A. Berkowitz, Finnegan Henderson Farabow Garrett & Dunner, Reston, VA, Matthew T. Nesbitt, Virginia L. Carron, Finnegan Henderson Farabow Garrett & Dunner, Atlanta, GA, for Plaintiff.

Eric Scott Fredrickson, Matthew Scott Harman, Harman Law, LLC, Atlanta, GA, for Defendant.

## *ORDER*

AMY TOTENBERG, District Judge.

This matter is before the Court on Defendant Eclipse IP LLC's ("Eclipse") Motion to Dismiss for lack of subject matter jurisdiction [Doc. 11]. The Court held a hearing to address this motion on May 22, 2013. For the reasons explained below, the Court **DENIES** Eclipse's Motion to Dismiss.

## I. LEGAL STANDARD

"Subject matter jurisdiction in a declaratory judgment suit depends upon the existence of 'a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment,' and the plaintiff bears the bur-

den of proving the existence of such a controversy throughout the litigation." *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1345 (Fed.Cir.2010) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127, 127 S.Ct. 764. If no such controversy exists, the case must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

Plaintiff FedEx Corporate Services, Inc. ("FedEx") seeks a declaratory judgment of patent non-infringement and invalidity against Eclipse. (Compl., Doc. 1.) FedEx alleges that it provides its customers (merchants such as Macy's, Inc. ("Macy's")) with package tracking information. (Compl. ¶¶ 28, 31; *see also* Resp. Mot. Dismiss Ex. A, Doc. 19–2 ("Phillips Decl."), ¶¶ 7–10.) According to FedEx's Director of Legal Sales and Alliance Transactions, Jimmy R. Phillips, Jr. ("Phillips"), FedEx also enters into indemnification agreements with its customers that ensure FedEx will indemnify them to the extent the customers are sued for patent infringement based on FedEx technology. (*See, e.g.*, Phillips Decl. Exs. 1–2.)

Eclipse owns several patents involving technology that merchants use for electronically notifying consumers and receiving responses. (*See* Compl. ¶¶ 17–21, 23; Exs. A–E ("Patents–in–Suit").) According

to FedEx, Eclipse has sued or threatened to sue FedEx customers for patent infringement involving conduct that includes the use of FedEx package tracking technology. (Compl.¶¶ 27, 31.)[1] Some of these customers have, in turn, complained to FedEx and requested indemnification. In particular, according to Phillips, Macy's "specifically requested indemnification for any liability stemming from Eclipse's claims for patent infringement." (Phillips Decl. ¶ 10.)

FedEx asserts that "Eclipse's statements and filings against FedEx's customers create an actual case or controversy as to whether FedEx Services and its customers are infringing any valid claim of the Patents–in–Suit." (Compl.¶ 35.) FedEx has not alleged that Eclipse threatened FedEx directly.

## III. ANALYSIS

Eclipse asserts in its motion to dismiss that no case or controversy exists for two reasons. First, Eclipse argues that the threat of indemnification liability cannot, as a matter of law, serve as a basis for a declaratory judgment action in this case. Second, Eclipse argues that based on the allegations in FedEx's complaint and Eclipse's proposed covenant not to sue FedEx or its customers, FedEx faces no imminent threat of harm. The Court considers each argument in turn.

### A. Whether the Threat of Indemnification Liability Can Serve as Basis for a Declaratory Judgment Action

Eclipse asserts that the threat of indemnification liability alone does not constitute the imminent threat of harm

---

1. *See Eclipse IP LLC v. Brickhouse Electronics LLC,* 3:12–cv–0351–GCM–DLH (W.D.N.C. June 5, 2012) (stipulation of dismissal filed December 19, 2012); *Eclipse IP LLC v. 1st in Video–Music World, Inc.,* 3:12–cv–0581–RJC–DC (W.D.N.C. Sept. 7, 2012) (ongoing).

required to establish declaratory judgment jurisdiction. The Federal Circuit has clearly stated otherwise. *See, e.g., Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368 (Fed.Cir. 2011) ("[W]here a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if ... the supplier is obligated to indemnify its customers from infringement liability ....") (citing, inter alia, *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 733 (Fed.Cir.1988), *overruled on other grounds by MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)); *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1347–48 (Fed.Cir.2011).[2] The Court, therefore, rejects Eclipse's argument here.

### B. Whether FedEx's Allegations Are Sufficient to Establish a Case or Controversy

■ Second, Eclipse argues that FedEx's allegations, particularly in light of Eclipse's proposed covenant not to sue ("Covenant"), fail to establish a case or controversy. As an initial matter, absent a covenant not to sue, the Court finds that FedEx's allegations in its Complaint and response to Eclipse's Motion to Dismiss, taken together, establish a case or controversy that is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Ablaise*, 606 F.3d at 1345 (quoting *MedImmune*, 549 U.S. at 127, 127 S.Ct. 764). FedEx alleges in its Complaint that Eclipse has sued, or threatened to sue, some of FedEx's customers for patent infringement based on their use of electronic order messaging technology including URL links and status notifications. FedEx also alleges that these customers use FedEx services in their electronic shipment notifications. (Compl. ¶¶ 23–24, 27–28.) Finally, FedEx asserts in its response to Eclipse's motion to dismiss that it has indemnification agreements with these customers and has received complaints from customers seeking indemnification for Eclipse's threats against them. (Resp. Def.'s Mot. Dismiss, Doc. 13, at 5; Resp. Def.'s Mot. Dismiss, Ex. A, Doc. 19–2.) In particular, according to Phillips, Macy's "specifically requested indemnification for any liability stemming from Eclipse's claims for patent infringement." (Phillips Decl. ¶ 10.)

Accordingly, Eclipse's alleged conduct threatens the viability of FedEx's relationship with a major customer and reasonably puts FedEx in jeopardy of facing an indemnification lawsuit. Assuming FedEx amends its Complaint to include the allegations from its Response brief, and absent an adequate covenant not to sue, FedEx has adequately pled a sufficient case or controversy to warrant the issuance of a declaratory judgment. *See SanDisk Corp. v. Mobile Media Ideas LLC*, No. C 11–00597 CW, 2011 WL 1990662, *2–3

---

**2.** Eclipse relies on *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Calif.*, 248 F.3d 1333, 1341–42 (Fed.Cir.2001), *cert. denied*, 534 U.S. 895, 122 S.Ct. 216, 151 L.Ed.2d 154 (2001), to support its argument. *Intellectual Property* did in fact hold that a declaratory judgment plaintiff cannot anchor its action on the threat of an indemnification lawsuit. *Id.* at 1341–42. However, *Intellectual Property* applied a now outdated justiciability test that required "reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit." *Id. MedImmune* overrules this test. *See Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1339 (Fed.Cir.2007) (construing *MedImmune* as overruling the "reasonable-apprehension-of-suit" test). *MedImmune* mandates that the Court look to "all the circumstances." *See MedImmune*, 549 U.S. at 127, 127 S.Ct. 764; *accord Teva*, 482 F.3d at 1339.

(N.D.Calif. May 23, 2011) (recognizing that the threat of a strained relationship with plaintiff's customers is a factor in determining whether a controversy exists between declaratory judgment plaintiff and patentee).

■ Eclipse argues, however, that its proffered Covenant resolves the controversies between the parties here. Generally, "a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed.Cir.1995), *abrogated on other grounds as recognized by Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871 (Fed.Cir. 2008); *accord Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed.Cir.2010). "[W]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed.Cir.2009).

■ In the Covenant, Eclipse guarantees that it will (1) not sue FedEx and (2) not sue FedEx's customers in certain circumstances. (Doc. 20–1.) The parties agree that the Covenant eliminates any threat FedEx might have faced of a direct lawsuit from Eclipse, and in any case, FedEx has not alleged such a threat. The parties disagree, however, as to whether the Covenant also eliminates any threat of potential indemnification liability.

Eclipse covenants not to sue any FedEx customer "for patent infringement alleging

that [the] FedEx customer's use of a FedEx product or service (as they exist today or have existed in the past) *alone* constitutes infringements of the patents-in-suit." (Doc. 20–1 at 2 (emphasis added).) However, the covenant expressly excludes suits in which "the infringement allegation includes a step or element of a patent claim that is performed or implemented solely by the customer or its agent." (Doc. 20–1 at 2 (emphasis added).)[3] Thus, Eclipse's Covenant apparently allows Eclipse to sue a FedEx customer so long as the infringement allegation includes at least one element "performed or implemented solely by the customer." Counsel for Eclipse explained in the May 22 hearing that the Covenant does not prevent Eclipse from suing a FedEx customer who uses FedEx tracking technology *in connection with* technology the customer implements on its own. This is, however, precisely how FedEx technology is meant to be utilized. Absent a covenant or other facts that eliminate the imminent threat of harm FedEx faces because of Eclipse's conduct, this case is not subject to dismissal for lack of subject matter jurisdiction.[4] The Court finds there is an active case and controversy between the parties subject to the Declaratory Judgment Act.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Eclipse's Motion to Dismiss [Doc. 11]. However, FedEx failed to allege in its Complaint several essential allegations it makes in its response to Eclipse's Motion to Dismiss, particularly those regarding Eclipse's litigation threats

---

3. Eclipse offered to modify the language in its Covenant slightly, but this modification did not change the overall effect of the Covenant's exclusion.

4. FedEx has indicated that it would stipulate to dismissal of this action based upon a Cove-

nant similar to the one Eclipse recently offered United Parcel Service, Inc. ("UPS"). (Doc. 13 at 11–12 (citing Stipulation of Dismissal, *United Parcel Service, Inc. v. Eclipse IP LLC*, No. 1:11–cv–2138–CAP (N.D.Ga. Feb. 28, 2013), Doc. 43–1 at 2).)

against FedEx customers such as Macy's and these customers' resultant complaints to FedEx and demands for indemnification. The Court, therefore, **GRANTS** FedEx leave to amend its Complaint to remedy this deficiency. FedEx shall have until Friday May 31, 2013 to file its amended complaint.